■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BULLOCK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered May 5, 1983, convicting him of burglary in the third degree, criminal possession of burglars' tools, and attempted petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant contends that the circumstantial evidence presented at trial was insufficient to sustain his conviction. The defendant was observed by the police outside of a school building just after midnight prying at a window. A metal security screen had been pulled back and the window was open about 16 inches. The defendant had a crowbar in his hands which was extended about eight inches into the open window. On the other side of the window were cartons of frozen food which were too large to fit through the window. Testimony at trial revealed that the cartons had been stored inside a freezer unit adjacent to the open window before the incident.

When a conviction is based solely on circumstantial evidence, in order for guilt to be proven beyond a reasonable doubt, the hypothesis of guilt should flow naturally from the facts proved and be consistent with them, and the facts proved must exclude to a moral certainty every reasonable hypothesis of innocence *(People v Giuliano,* 65 NY2d 766, 767-768; *People v DiBlasi,* 130 AD2d 679). Based on the evidence presented, we conclude that the jury was entitled to find that the facts excluded every reasonable hypothesis of innocence.

The defendant's objections to the trial court's charge on circumstantial evidence were not preserved as a matter of law (CPL 470.05 [2]). However, even if we were to reach the issue in the interests of justice, it is apparent that the charge taken

as a whole conveyed the correct legal principles to the jury *(People v Blackshear,* 112 AD2d 1044, 1045, *lv denied* 66 NY2d 917; *People v Fisher,* 112 AD2d 378).

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.