■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CUNNINGHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered May 21, 1985, convicting him of burglary in the third degree (two counts) and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find, contrary to the defendant's contentions, that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Specifically, there was sufficient evidence to permit the jury to find that the defendant, on two separate occasions, knowingly entered or remained unlawfully in the subject building with criminal intent, that on one such occasion he stole an IBM typewriter, and that on the other occasion he was apprehended with his hand in a drawer at a dental laboratory *(see,* Penal Law §§ 140.20, 140.00 [2], [5]; § 155.25; *People v Mackey,* 49 NY2d 274, 279; *People v James,* 138 AD2d 745; *People v Caraballo,* 138 AD2d 725, 726; *cf., People v Way,* 59 NY2d 361, 366; *People v Powell,* 58 NY2d 1009, 1010). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the trial court, in imposing sentence, properly considered the defendant's background and prior criminal history, including those crimes for which he was never tried or convicted *(see, People v Marrero,* 110 AD2d 785, 786). Under the circumstances, we do not find the imposition of the maximum sentence to be excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either meritless or unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Geurrero,* 69 NY2d 628, 630; *People v Bullock,* 137

AD2d 825, 826; *People v Handy,* 123 AD2d 398, 399) and in light of the overwhelming evidence of guilt, we decline to reach them in the exercise of our interest of justice jurisdiction. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.