■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL SANTIAGO, Appellant.—Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered June 1, 1988, convicting defendant, after a jury trial, of burglary in the second degree and sentencing him to an indeterminate term of imprisonment of 6¼ to 12½ years, unanimously affirmed.

Defendant, who was convicted of burglary on evidence that he was discovered, armed with a pocketknife, in the bathroom of a residential apartment, argued that he entered the premises to avoid injury from persons who followed him, and that consequently he was entitled to a justification charge. Under

the facts as presented by the defense, defendant could not have been "justified" in entering with the intent to commit a crime since he allegedly did not intend to commit any offense. *(People v Bess,* 107 AD2d 844, 845-846.)

Furthermore, it was not an abuse of discretion for the court to deny a mistrial for the jury's misconduct of deliberating prior to the charge. *(People v Castillo,* 144 AD2d 376, 378, *lv denied* 73 NY2d 890.) Information was elicited from a hearing, conducted by the court, at which questioning each juror demonstrated that the defendant's fundamental right to a fair and impartial assessment of the trial evidence was not frustrated by the misconduct. *(People v Horney,* 112 AD2d 841, 842.) While there was some premature deliberation regarding the evidence, most comments were "terse asides" concerning the personalities of the witnesses, parties, lawyers and the court. Adequate curative instructions were also given and the jurors stated that they could ignore the premature deliberations and judge the case on the evidence presented.

In passing we note that evidence of defendant's guilt was overwhelming. Concur—Ross, J. P., Rosenberger, Asch and Smith, JJ.