■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BARDEN, Appellant. [598 NYS2d 87] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered April 16, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of killing the victim in a drive-by shooting from the back of a motorcycle. Eyewitnesses to the shooting testified that, immediately prior to the shooting, the motorcycle's driver asked the defendant if he had his "piece", and the defendant said "yes" and took out a gun. The defendant made both written and videotaped statements in which he confessed to the shooting but claimed that it was done in self-defense. However, no gun was found on the victim's person or near his body. The trial court instructed the jury on murder in the second degree and manslaughter in the first degree, but refused the defense counsel's request for a lesser-included offense charge of manslaughter in the second degree.

We disagree with the defendant's contention that he was entitled to a charge of manslaughter in the second degree as a lesser-included offense. Viewing the evidence in the light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704), there is no reasonable view of the evidence that would have supported a charge of reckless manslaughter *(see,* CPL 300.50; *People v Glover,* 57 NY2d 61). The record is devoid of evidence supporting the defendant's contention that the shooting was a reckless, random act of violence in which the victim was not an intended target. However, there is clearly evidence of intent.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.