■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CALLENDER, Appellant. [649 NYS2d 448] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 14, 1993, convicting him of attempted assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant struck the complainant with his fists and a belt, kicked her with his boots, and stabbed her with a pencil. The complainant was taken to the hospital, where she was

treated and released. She testified that she was bruised and swollen for about a week after the attack and that she was in a lot of pain.

The defendant contends that the trial court improperly charged the jury on attempted assault in the second degree. Although the trial court departed from the statutory language by using the phrase "substantial contributing cause" in its charge on attempt *(see,* Penal Law § 110.00), the phrase did not dilute the effect of the charge, which repeatedly and accurately conveyed to the jury the concept of attempt *(see, People v Brown,* 167 AD2d 346). Thus, the charge, taken as a whole, conveyed the correct legal principles to the jury *(see, People v Bullock,* 137 AD2d 825).

The defendant failed to preserve for appellate review his contention that his conviction of assault in the third degree is not supported by legally sufficient evidence *(see, People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant caused the complainant physical injury within the meaning of Penal Law § 10.00 (9). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.