■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO RODRIGUEZ, Appellant. [692 NYS2d 320] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered March 14, 1996, convicting defendant, after a jury trial, of manslaughter in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 8⅓ to 25 years, 12½ to 25 years and 5 to 15 years, unanimously affirmed.

The court properly refused defendant's request to charge the justification defense since it was not supported by any reasonable view of the evidence (*see, People v Reynoso*, 73 NY2d 816, 818), even when defendant's statements are viewed in the light most favorable to himself. Under such a view, even if defendant's claim that the decedent reached for the gun that fell from defendant's waistband could be credited, defendant nevertheless conceded that he reached the gun first, and that he

shot the then unarmed individual eight times. There was no evidence from which it could be inferred that defendant still feared for his safety after picking up the gun, and no evidence that such a fear would have been reasonable. Moreover, under defendant's account, he had an ample opportunity to retreat.

For similar reasons, the court properly exercised its discretion in precluding defendant from introducing psychiatric testimony as to his state of mind, and evidence as to the toxicology report prepared as part of the decedent's autopsy. The fact pattern asserted by defendant in his statements, even if believed, provided no foundation for any of the proffered evidence. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.

The court properly declined to charge manslaughter in the second degree as a lesser included offense, since there was no reasonable view of the evidence which would support a finding that defendant fired eight shots into his unarmed victim without, at least, the intent to cause serious physical injury (*see, People v Tumerman*, 133 AD2d 714, 715-716, *lv denied* 70 NY2d 938, *cert denied* 485 US 969). Concur—Nardelli, J. P., Williams, Wallach, Lerner and Andrias, JJ.