■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON WARE, Appellant. [760 NYS2d 1] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered March 23, 2000, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of

12½ to 25 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]) was properly denied. The prosecutor articulated a facially race-neutral reason for the challenge at issue, and we reject defendant's assertion that this reason was inherently race-based. The record further supports the court's finding that the explanation was not pretextual. This finding is entitled to great deference because a trial court is in the best position to assess the credibility of the responses of potential jurors and of an attorney's disclaimer of discriminatory intent (*see People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]).

Although, at a preliminary discussion, it was not clear what lesser included offenses of intentional murder defendant was requesting, defendant ultimately specified that he was only requesting submission of first degree manslaughter, which the court submitted, and criminally negligent homicide, a request not pursued on appeal. Since defendant did not request second degree manslaughter, CPL 300.50 (2) precludes review of his present claim that the court should have submitted that charge (*see also People v Borrello*, 52 NY2d 952 [1981]). In any event, there was no reasonable view of the evidence, viewed in the light most favorable to defendant, that would support a conviction of second degree manslaughter but not first degree manslaughter. The number and location of the victim's many wounds were completely inconsistent with reckless rather than intentional conduct (*see People v Rodriguez*, 262 AD2d 140 [1999], *lv denied* 93 NY2d 1026 [1999]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Marlow, JJ.