■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GONZALEZ, Appellant. [851 NYS2d 402]—

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered January 7, 2005, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of five years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

After a hearing, the court properly denied that branch of defendant's CPL 330.30 (2) motion to set aside the verdict in which he alleged that a juror made an unauthorized visit to the scene of the crime. The court correctly concluded that the juror did not visit the location of the crime of which defendant was convicted, and that his visit to a different location did not entitle defendant to a new trial. Defendant had been indicted for criminal conduct that occurred in the basement of a building, and other criminal conduct that subsequently occurred in the street, somewhere between the building and a nearby subway station. Although the two incidents were connected, there was nothing about the outdoor crime scene that bore on any issue relating to the crime committed indoors. The hearing evidence established that the juror only visited the area outside the building. Moreover, the evidence established that the juror's observations inured to defendant's benefit by contributing to his acquittal of the charges relating to the outdoor incident. Hence, defendant "was, if anything, aided by whatever misconduct took place," and failed to establish "how the misconduct . . . was inherently prejudicial to his substantial rights" (*People v Bell*, 307 AD2d 1047, 1049 [2003], *lv denied* 1 NY3d 568 [2003]; *compare People v Redd*, 164 AD2d 34, 39 [1990]).

The court also properly concluded that the branch of the motion alleging premature deliberations did not warrant a hearing, since defendant's vague and generalized allegations were insufficient to impugn the verdict's integrity (*id.* at 37).

As the People concede, since the crime was committed prior to the effective date of the legislation providing for the imposition of a DNA databank fee, that fee should not have been imposed.

Defendant's pro se claims are unreviewable because they involve factual allegations outside the record. To the extent that defendant is challenging the sufficiency or weight of the evidence actually presented at trial, we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence. Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.