■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT BLUE, Appellant. [865 NYS2d 97]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), rendered May 22, 2003, convicting defendant, after a jury trial, of attempted murder in the second degree, robbery in the first degree (five counts), attempted robbery in the first degree (four counts) and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 50 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). In this regard, defendant only challenges his attempted murder conviction. The element of intent to kill was established by evidence that, after attempting to rob one of his victims, defendant fired two shots at the victim, striking him in the groin and thigh (*see e.g. People v Cabassa*, 79 NY2d 722, 728 [1992], *cert denied sub nom. Lind v New York*, 506 US 1011 [1992]). The location of the *wounds* does not establish the direction of defendant's *aim*, and thus does not imply that defendant sought to avoid striking the victim in the head or upper body (*see People v Butler*, 86 AD2d 811, 815 [1982, Sandler, J., dissenting], *revd on dissenting mem* 57 NY2d 664 [1982]). The jury had ample basis on which to discredit that portion of defendant's statement to the police that he now cites as undermining a finding of homicidal intent. Finally, although the two shots sufficiently established homicidal intent, we also note that very shortly after firing these shots defendant further manifested that intent by repeatedly squeezing the trigger of his weapon in an unsuccessful effort to fire additional shots.

There is no merit to any of defendant's procedural arguments for disregarding this additional evidence.

The court properly exercised its discretion in admitting photographs of the victim's wounds which were not gruesome. The photographs were relevant to homicidal intent and serious physical injury, which were elements of charges submitted to the jury (see *People v Wood*, 79 NY2d 958, 960 [1992]; *People v Alvarez*, 3 AD3d 456, 457 [2004], *lv denied* 2 NY3d 761 [2004]), and the People "were not bound to stop after presenting minimum evidence" (*People v Alvino*, 71 NY2d 233, 245 [1987]). While a limiting instruction may have been appropriate, defendant declined the court's offer to deliver one.

The court properly directed that defendant's sentence for attempted murder run consecutively to his sentence for attempted robbery, arising out of the same incident. The evidence established that defendant committed the crime of attempted robbery and then attempted to kill the victim. Indeed, defendant left the scene of the attempted robbery, returned moments later and shot the victim. Accordingly, the two crimes were separate and distinct acts (see *People v Salcedo*, 92 NY2d 1019 [1998]; *People v Lewis*, 268 AD2d 249 [2000], *lv denied* 95 NY2d 799 [2000]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see *Almendarez-Torres v United States*, 523 US 224 [1998]). Concur—Saxe, J.P., Catterson, McGuire, Acosta and DeGrasse, JJ.