■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDELMIRO CESARIO, Appellant. [900 NYS2d 4]—

Judgment, Supreme Court, Bronx County (John Carter, J.), rendered July 18, 2007, convicting defendant, after a jury trial, of manslaughter in the first degree (two counts), criminal possession of a weapon in the second degree and endangering the welfare of a child (two counts), and sentencing him to an aggregate term of 50 years, unanimously affirmed.

The court properly declined to submit manslaughter in the second degree as a lesser included offense. There was no reasonable view of the evidence, viewed most favorably to defendant and in light of the "principle of deference to the jury on questions of mens rea" (*People v Fernandez*, 64 AD3d 307, 310 [2009], *appeal withdrawn* 13 NY3d 796 [2009]), that he acted with anything less than intent to kill or seriously injure the two victims (*see People v Butler*, 84 NY2d 627, 634 [1994]). During a dispute, defendant went to another room of the apartment, took a pistol from a safe, returned, shot one victim six times, and shot the other victim three times. Since defendant had to squeeze the trigger of his semiautomatic weapon nine separate times, there is no reasonable possibility that the weapon was discharged through careless handling. Furthermore, nothing in the prosecution or defense case tended to explain why defendant would fire nine shots, other than to hit his victims. The testimony of defendant and his psychiatric expert witness that defendant experienced a loss of control may have supported counsel's successful request for submission of the defense of extreme emotional disturbance, but it did not create a reasonable view that defendant acted without intent to cause death or serious physical injury.

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Saxe, J.P., Catterson, Moskowitz, Freedman and Román, JJ.