■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PENA, Appellant. [955 NYS2d 157]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered May 17, 2010, convicting him of criminal possession of a weapon in the second degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Guzman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in declining to instruct the jury on temporary and lawful possession of a weapon is unpreserved for appellate review, as he failed to request such a charge at trial (*see People v Silas*, 308 AD2d 465 [2003]; *People v Kouvaras*, 197 AD2d 638 [1993]; *see also People v Caldarola*, 45 AD3d 600 [2007]). In any event, this contention is without merit, as there was no reasonable view of the evidence that the defendant had a legal excuse for possessing the weapon, and that the weapon had not been used in a dangerous manner (*see People v Hayes*, 51 AD3d 688 [2008]; *People v Medina*, 237 AD2d 382 [1997]; *People v Kouvaras*, 197 AD2d at 639).

The defendant's contention that the Supreme Court erred in denying his request to instruct the jury on voluntary possession

is without merit. The court's charge, as a whole, adequately conveyed to the jury the correct applicable legal standards and principles, and all of the elements of criminal possession of a weapon in the second degree (*see People v Adams*, 55 AD3d 616 [2008]; *People v Howell*, 11 AD3d 560 [2004]; *People v Callender*, 232 AD2d 650 [1996]). The jury was correctly charged regarding the mens rea of criminal possession of a weapon in the second degree: that the defendant acted knowingly (*see People v Perry*, 67 AD3d 1046 [2009]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The remaining contention raised in the defendant's pro se supplemental brief is without merit. Eng, P.J., Florio, Sgroi and Miller, JJ., concur.