■ The People of the State of New York, Respondent, v Daishaile Galarza, Appellant. [4 NYS3d 500]—

Judgment, Supreme Court, Bronx County (Ann M. Donnelly, J.), rendered April 23, 2011, convicting defendant, after a jury trial, of murder in the second degree and criminal possession

of a weapon in the second degree, and sentencing her to an aggregate term of 25 years to life, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). Contrary to defendant's arguments, the finding that defendant possessed the intent to kill was reasonably based on "the totality of defendant's conduct" (*People v Skian*, 184 AD2d 330, 331 [1st Dept 1992], *lv denied* 80 NY2d 977 [1992]), including her various threatening statements to the victim over the course of the party where the shooting occurred, her repeated demands for another partygoer to give her his handgun, and her conduct in struggling to break free from a friend who unsuccessfully attempted to hold her back from reaching the weapon. Moreover, after defendant grabbed the weapon, she immediately pointed it at the victim and fired a fatal shot to his groin. The inference of homicidal intent is not negated by the facts that defendant fired only one shot before fleeing, or that she did not hit a more vital area such as the head or heart (*see People v Blue*, 55 AD3d 391, 391 [1st Dept 2008], *lv denied* 11 NY3d 922 [2009]).

Since the court submitted manslaughter in the first degree as a lesser included offense of murder in the second degree, defendant's murder conviction "foreclose[s] [her] challenge to the court's refusal to charge the remote lesser included offense[ ]" of second-degree manslaughter (*People v Boettcher*, 69 NY2d 174, 180 [1987]; *see also People v Johnson*, 87 NY2d 357, 361 [1996]). In any event, the court properly declined the request (*see People v Cesario*, 71 AD3d 587 [1st Dept 2010], *lv denied* 15 NY3d 803 [2010], *cert denied* 562 US 1073 [2010]).

Since defendant did not raise the specific arguments raised on appeal, she failed to preserve her challenges to the procedures by which the court adjudicated her *Batson* application (*see People v James*, 99 NY2d 264, 272 [2002]), and the court's resolution of an issue involving sworn jurors (*see People v Hicks*, 6 NY3d 737, 739 [2005]). We have considered and rejected defendant's arguments on the issue of preservation of these claims, and we decline to review the claims in the interest of justice. As an alternative holding, we reject them on the merits.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Accordingly, since

defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.