■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDIN SANTIAGO, Appellant. [22 NYS3d 175]—

Judgment, Supreme Court, Bronx County (Ann M. Donnelly, J.), rendered July 27, 2011, as amended August 12, 2011, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree (two counts) and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 75 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). The evidence, including the number of shots fired and the surrounding circumstances, supports an inference that defendant intended to kill two men with whom he had been involved in a dispute. Accordingly, defendant was also liable for the death of a third victim under a transferred intent theory. The inference of homicidal intent was not undermined by the fact that he hit

the two surviving victims in the lower extremities, because "[t]he location of the *wounds* does not establish the direction of defendant's *aim*" (*People v Blue*, 55 AD3d 391, 391 [1st Dept 2008], *lv denied* 11 NY3d 922 [2009]). Defendant's claim that he lacked a propensity for violence is irrevelant to weight of the evidence review, and is in any event based on evidence not presented to the jury. To the extent defendant is making a legal sufficiency claim, in his pro se brief or otherwise, it is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we similarly reject it.

The court properly exercised its discretion in denying defendant's mistrial motion, made on the basis of a brief phrase of testimony that could be viewed as bolstering identifications made by other witnesses. The court sustained an objection and struck the testimony. The drastic remedy of a mistrial was not warranted, because the offending phrase was not particularly harmful, and because the court's curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]; *see also People v Young*, 48 NY2d 995 [1980]).

We have considered and rejected defendant's pro se arguments.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Friedman, Saxe and Gische, JJ.