THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO ALVARADOAJCUC, Appellant. [37 NYS3d 589]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered July 15, 2014, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the morning of May 7, 2012, the body of a 29-year-old woman was found face down in a ditch near a parking lot in Suffolk County. She was naked from the waist down, with her underwear around her ankles, and had cuts and bruises to her face, neck, back, torso, knees, and inner thigh. An autopsy confirmed that she had been beaten and then strangled to death for several minutes. The defendant was arrested nine days later, and confessed to having raped and strangled the victim with his belt in the parking lot during the early morning hours of May 6, 2012.

Contrary to the defendant's contention, the County Court properly denied his request to charge manslaughter in the second degree under Penal Law § 125.15 (1) (reckless manslaughter) as a lesser-included offense of murder in the second degree under Penal Law § 125.25 (1) (intentional murder). "A party who seeks to have a lesser included crime charged to the jury must satisfy a two-pronged inquiry" (*People v Rivera*, 23 NY3d 112, 120 [2014]; *see People v Glover*, 57 NY2d 61, 63 [1982]). First, "the crime must be a lesser included offense" (*People v Rivera*, 23 NY3d at 120), meaning that "it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct" (*People v Van Norstrand*, 85 NY2d 131, 135 [1995]). "Second, the party making the request for a charge-down 'must then show that there is a reasonable view of the evidence in the particular case that would support a finding that [the defendant] committed the lesser included offense but not the greater' " (*People v Rivera*, 23 NY3d at 120, quoting *People v Glover*, 57 NY2d at 63; *see* CPL 300.50 [1]). Here, the first prong is satisfied because manslaughter in the second degree is a lesser-included offense of murder in the second degree (*see People v Green*, 56 NY2d 427, 433 [1982]). The second prong, however, is not satisfied.

Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence which would support a finding that the defendant's conduct was merely reckless, or that he intended anything other than to kill the victim (*see People v Rivera*, 23 NY3d at 120; *People v Butler*, 84 NY2d 627, 632 [1994]).

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree under Penal Law § 125.25 (3) (felony murder) beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.