THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO D. ORTIZ, Appellant. [57 NYS3d 183]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered May 8, 2015, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 25 years, plus 5 years of postrelease supervision, upon his conviction of manslaughter in the first degree, and 10 years, plus 5 years of postrelease supervision, upon his conviction of criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (*see* Penal Law § 35.15; *People v Rogers*, 94 AD3d 1152 [2012]; *People v Garcia*, 89 AD3d 862, 862-863 [2011]; *People v Seals*, 78 AD3d 742 [2010]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the jury's rejection of the justification defense and the verdict of guilt on the count of manslaughter in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly refused to instruct the jury with respect to manslaughter in the second degree as a lesser-included offense of intentional murder (*see* CPL 330.50; *People v Cesario*, 71 AD3d 587 [2010]; *People v Rodriguez*, 262 AD2d 140 [1999]; *People v Etienne*, 250 AD2d 776 [1998]). There was no reasonable view of the evidence which would support a finding that the defendant fired nine shots into the unarmed victim's head without, at least, the intent to cause serious physical injury (*see People v Cesario*, 71 AD3d 587 [2010]; *People v Rodriguez*, 262 AD2d 140 [1999]; *People v Etienne*, 250 AD2d 776 [1998]).

The Supreme Court providently exercised its discretion in granting the People's motion for a missing witness charge (*see People v Savinon*, 100 NY2d 192 [2003]; *People v Kitching*, 78 NY2d 532 [1991]; *People v Gonzalez*, 68 NY2d 424 [1986]).

The Supreme Court properly denied, without a hearing, the defendant's motion to set aside the verdict pursuant to CPL 330.30, based upon juror misconduct (*see People v Mattis*, 108 AD3d 872 [2013]; *People v Gonzalez*, 47 AD3d 489, 490 [2008];

*People v Matiash*, 197 AD2d 794 [1993]; *People v Santiago*, 166 AD2d 362, 363 [1990]; *People v Redd*, 164 AD2d 34, 37 [1990]; *People v Gonzalez*, 155 AD2d 310 [1989]).

The defendant failed to preserve for appellate review his contention that the imposition of consecutive sentences was unconstitutional (*see* CPL 470.05 [2]; Executive Law § 71 [3]). In any event, the defendant's contention is without merit. We find, however, that the sentence imposed was excessive to the extent indicated herein. Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.