Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered December 23, 2015, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s contention that the verdict was repugnant because the jury found him guilty of assault in the second degree but acquitted him of criminal possession of a weapon in third degree is unpreserved for appellate review, as he failed to raise the issue before discharge of the jury (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Ariza, 77 AD3d 844, 845 [2010]; People v Moses, 36 AD3d 720 [2007]), and we decline to reach it in the exercise of our interest of justice jurisdiction (cf. CPL 470.15 [6] [a]; People v Rayam, 94 NY2d 557, 562-563 [2000]).
 

 The defendant contends that the conviction was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644 [2006]).
 

 Contrary to the defendant’s contention, the Supreme Court properly denied his request to charge assault in the third degree under the reckless and criminally negligent mens rea Csee Penal Law § 120.00 [2], [3]) as lesser-included offenses of assault in the first degree. “A party who seeks to have a lesser included crime charged to the jury must satisfy a two-pronged inquiry” (People v Rivera, 23 NY3d 112, 120 [2014]; see People v Glover, 57 NY2d 61, 63 [1982]). “First, the crime must be a lesser included offense” (People v Rivera, 23 NY3d at 120), meaning that “it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct” (People v Van Norstrand, 85 NY2d 131, 135 [1995]). “Second, the party making the request for a charge-down ‘must then show that there is a reasonable view of the evidence in the particular case that would support a finding that [the defendant] committed the lesser included offense but not the greater’ ” (People v Rivera, 23 NY3d at 120, quoting People v Glover, 57 NY2d at 63; see CPL 300.50 [1]). Here, the first prong is satisfied because assault in the third degree is a lesser-included offense of assault in the first degree (see People v Green, 56 NY2d 427, 433 [1982]). The second prong, however, is not satisfied. Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence which would support a finding that the defendant’s conduct was merely reckless or criminally negligent, or that he intended anything other than to cause serious physical injury to the victim (see People v Stanford, 87 AD3d 1367, 1368 [2011]; People v Cesario, 71 AD3d 587 [2010]; see also People v Rivera, 23 NY3d at 124; People v Butler, 84 NY2d 627, 632 [1994]; People v Alvaradoajcuc, 142 AD3d 1094, 1094-1095 [2016]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 86 [1982]).
 

 Balkin, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.