People v Francis (2020 NY Slip Op 05867)





People v Francis


2020 NY Slip Op 05867


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Ind No. 8031C/05 642/05 8031C/05 642/05 Appeal No. 12115 Case No. 2017-2885 

[*1]The People of the State of New York, Respondent,
v
Quindel Francis, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered February 17, 2010, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence from an aggregate term of imprisonment of 25 years to an aggregate term of imprisonment of 20 years, and otherwise affirmed.
The verdict was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence overwhelmingly disproved defendant's justification defense. There is no basis for disturbing the jury's credibility determinations. Defendant's claim of justification was based primarily on the implausible account of the incident found in his post-arrest statements, and this account was refuted by eyewitnesses, as well as by medical and ballistics evidence. Dr. James Gill, the medical examiner who performed the autopsy, testified that the victim had been shot twice. One bullet grazed his lower back causing a wound consistent with the victim's back being turned towards the shooter. The other gunshot wound, which resulted in his death, was at the front left of the victim's neck, consistent with the victim being shot from above, as he was looking over his left shoulder. Detective Luis Fontanez testified that the seven shell casings of 9 millimeter bullets recovered from the scene were from the same semi-automatic pistol and that for this semi-automatic pistol to eject seven bullets the trigger must be pulled seven times. Furthermore, defendant's own statements undermined his justification defense in several significant respects. Among other things, he admitted that, while armed with a pistol, he followed the victim down a driveway late at night, and that although the victim allegedly wielded an object resembling a bat, he warned defendant to "get back."
Defendant's challenge to the court's "cease deliberations" charge regarding the defense of justification is unpreserved, and we decline to review it in the interest of justice (People v Macon, 186 AD3d 430 [1st Dept 2020]; People v Davis, 176 AD3d 634, 635 [1st Dept 2019], lv denied 34 NY3d 1157 [2020]). As an alternative holding, we find that any error in the charge was harmless, because there was "overwhelming evidence disproving the justification defense and no reasonable possibility that the verdict would have been different had the charge been correctly given" (People v Petty, 7 NY3d 277, 286 [2006]).
The court should not have admitted, on redirect examination of a prosecution eyewitness, evidence that the witness believed that defendant's friends were in the Bloods gang. Defense counsel did not open the door to this evidence by merely asking why, on the night of the shooting, the witness had pointed out defendant to the victim, and this was not a sufficiently material issue to warrant introduction of such evidence. Nevertheless, any prejudice was minimal in light of the single reference to the Bloods, the fact that the witness did not specifically identify defendant as a gang member, and the court's prompt limiting instruction. Furthermore, the error was harmless because the proof of defendant's guilt was overwhelming, and there was no significant probability that the jury would have acquitted defendant had the isolated reference to the gang been excluded (People v Crimmins, 36 NY2d 230, 241B242 [1975]) .
The court correctly declined to charge the jury that the metal pipe found at the scene of the homicide was a dangerous instrument as a matter of law, under Penal Law § 10.00(13). Such a charge may be warranted where, among other things, "the uncontradicted nature and use of an instrument renders it capable of causing serious physical injury or death as a matter of law" (People v Almodovar, 62 NY2d 126, 132 [1984] [citation omitted]). In this case there were factual disputes about the victim's alleged use of force, and the court's charge adequately submitted those issues for the jury's consideration. To the extent that, on appeal, defendant suggests that the court should have delivered a different instruction from the one specifically requested at trial, that claim is unpreserved and we decline to review it in the interest of justice. 
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020