People v Ewers (2021 NY Slip Op 03849)





People v Ewers


2021 NY Slip Op 03849


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-06737
 (Ind. No. 1800/15)

[*1]The People of the State of New York, respondent,
v
Deon Ewers, appellant.


Steven A. Feldman, Manhasset, NY (Arza Feldman of counsel), for appellant, and appellant pro se.
Joyce Smith, Acting District Attorney, Mineola, NY (Tammy J. Smiley and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered May 23, 2017, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree in connection with a shooting that occurred during the morning of November 6, 2015, in the attic bedroom of the home of the defendant's estranged wife. The victim was the defendant's estranged wife's paramour who, on occasion, stayed overnight at the subject home. In a statement to the police, the defendant claimed that the victim was the initial aggressor and that the defendant shot him after disarming the victim.
The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 20-21). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Francis, 187 AD3d 586; People v O'Brien, 270 AD2d 433; People v White, 178 AD2d 672). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court correctly denied his application to instruct the jury on the lesser included offenses of manslaughter in the first and second degrees. When viewing the evidence in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705), there is no reasonable view of the evidence that would support a finding [*2]that the defendant acted with anything less than homicidal intent (see People v Arjun, 188 AD3d 1235, 1237; People v Ortiz, 151 AD3d 754; People v Gonzalez-Alvarez, 129 AD3d 647; People v Barden, 194 AD2d 548).
Contrary to the defendant's contention, the admission of several autopsy photographs was proper, as the photos were "neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant, but . . . were properly admitted to illustrate and corroborate the testimony of the medical examiner who performed the autopsy" and to prove the defendant's intent to kill the victim and disprove his justification defense (People v Duren, 130 AD3d 842, 842 [internal quotation marks omitted]; see People v Byrd, 116 AD3d 875, 876; People v Lawson, 114 AD3d 962, 963; People v Allan, 41 AD3d 727, 727-728).
The defendant failed to preserve for appellate review his contention, raised in his pro se supplemental brief, that the Supreme Court should have instructed the jury on the defense of temporary and lawful possession of a weapon, "as nothing in the record indicates that he sought inclusion of this charge or objected to its omission" (People v Baker, 188 AD3d 1444, 1445; see CPL 470.05[2]; People v Pena, 100 AD3d 1024, 1024). In any event, the defendant would not have been entitled to a jury instruction on the defense of temporary and lawful possession of a weapon, "as there was no reasonable view of the evidence that the defendant had a legal excuse for possessing the weapon, and that the weapon had not been used in a dangerous manner" (People v Pena, 100 AD3d at 1024; see People v Banks, 76 NY2d 799, 801; People v Snyder, 73 NY2d 900, 901-902; cf. People v Sackey-El, 149 AD3d 1104, 1106).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "'mixed claim' of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109, quoting People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions are either unpreserved for appellate review and, in any event, without merit, or not reviewable on this appeal.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court