People v Pinckney (2025 NY Slip Op 51157(U))

[*1]

People v Pinckney (Brandon)

2025 NY Slip Op 51157(U)

Decided on July 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2024-292 W CR

The People of the State of New York, Respondent,
against
Brandon Pinckney, Appellant. 

Law Offices of Richard L. Herzfeld, P.C. (Richard L. Herzfeld of counsel), for appellant.
Westchester County District Attorney (Steven A. Bender of counsel), for respondent.

Appeal by defendant, as limited by the brief, from sentences of the City Court of White Plains, Westchester County (Lynette V. Spaulding, J.), imposed February 20, 2024, upon his convictions of three charges of criminal contempt in the second degree, following his plea of guilty.

ORDERED that the sentences are affirmed.
Defendant pleaded guilty to three charges of criminal contempt in the second degree (Penal Law § 215.50) in satisfaction of three accusatory instruments and four additional pending dockets in exchange for promised sentences of three concurrent three-year terms of probation with domestic violence conditions. At sentencing, the Criminal Court imposed various conditions of defendant's probation, including the condition that he appear in court every four months to verify that he was participating in the Domestic Violence Offender Program. On appeal, defendant contends that this condition was improperly imposed.
A court has broad discretion to impose conditions of probation deemed reasonably related to a defendant's rehabilitation, reasonably necessary to ensure that he will lead a law abiding life, reasonably necessary to ameliorate the conduct which gave rise to the offense, and reasonably necessary to prevent his future incarceration (see Penal Law § 65.10 [1], [2] [l]; [5]). In imposing probation conditions, the sentencing court has "the discretion to consider [the] defendant's prior criminal history, including crimes for which he was never tried or convicted" (People v Bania, 9 Misc 3d 135[A], 2005 NY Slip Op 51682[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; see People v Cunningham, 153 AD2d 700 [1989]). Given the underlying offenses, along with defendant's prior criminal history, we find that the subject condition of probation is individually tailored to suit defendant and is reasonably related to his rehabilitation, reasonably necessary to ensure that he will lead a law-abiding life, and reasonably necessary to prevent his future incarceration (see Penal Law § 65.10 [1], [2] [l]; [5]). 
Accordingly, the sentences are affirmed.
DRISCOLL, J.P., GOLDBERG-VELAZQUEZ and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2025