# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

488

KA 13-01193

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHARLES KERCE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL),
FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E.
Fahey, J.), rendered June 5, 2013. The judgment convicted defendant,
upon a jury verdict, of burglary in the first degree and robbery in
the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of burglary in the first degree (Penal Law
§ 140.30 [4]) and robbery in the first degree (§ 160.15 [4]). Viewing
the evidence in light of the elements of the crimes as charged to the
jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the
verdict is not against the weight of the evidence (*see generally
People v Bleakley*, 69 NY2d 490, 495). We reject defendant's
contention that the photo identification procedure was unduly
suggestive, and County Court therefore properly refused to suppress
the identification testimony of the victim. The subjects in the photo
array were sufficiently similar in appearance, and "[t]he fact that
defendant's photograph has a slightly lighter background than the
others does not support the conclusion that the identification
procedure was unduly suggestive" (*People v Burns*, 186 AD2d 1015, 1016,
*lv denied* 81 NY2d 837; *see People v Redding*, 132 AD3d 700, 700). We
reject defendant's further contention that the court erred in
determining that the identification of defendant by another witness
was confirmatory. The testimony of the witness at the *Rodriguez*
hearing established that the witness had known defendant for
approximately 20 years (*see People v Williams*, 101 AD3d 1730, 1731-
1732, *lv denied* 21 NY3d 1021; *People v Whitlock*, 95 AD3d 909, 911, *lv
denied* 19 NY3d 978; *see generally People v Rodriguez*, 79 NY2d 445,
452). The court properly refused to preclude the identification
testimony of the witness based on the People's failure to provide

notice pursuant to CPL 710.30.  Inasmuch as the witness's identification was confirmatory, no notice was required (*see People v Boyer*, 6 NY3d 427, 431-432; *Rodriguez*, 79 NY2d at 452; *People v Tas*, 51 NY2d 915, 916; *cf. People v Pacquette*, 25 NY3d 575, 580).

Contrary to defendant's contention, the court properly allowed a witness to testify to statements made by defendant and another man because the statements qualified as adoptive admissions (*see People v Campney*, 94 NY2d 307, 311-312; *People v Harper*, 132 AD3d 1230, 1234). Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct based on the prosecutor's cross-examination of a witness and defendant and his comments during summation. Defendant's contention is preserved for our review only in part inasmuch as he failed to object to the majority of the prosecutor's alleged improprieties (*see People v Jemes*, 132 AD3d 1361, 1362-1363, *lv denied* 26 NY3d 1110; *People v Jones*, 114 AD3d 1239, 1241, *lv denied* 23 NY3d 1038, 25 NY3d 1166).  In any event, defendant's contention is without merit.  "Reversal based on prosecutorial misconduct is 'mandated only when the conduct [complained of] has caused such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Jacobson*, 60 AD3d 1326, 1328, *lv denied* 12 NY3d 916) and, here, "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*Jones*, 114 AD3d at 1241 [internal quotation marks omitted]; *see People v Ielfield*, 132 AD3d 1298, 1299-1300).  Finally, the sentence is not unduly harsh or severe.

Entered:  June 10, 2016

Frances E. Cafarell
Clerk of the Court