Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered January 26, 2016. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant’s contention that County Court’s Sandoval ruling constituted an abuse of discretion inasmuch as the court allowed the People to cross-examine defendant with respect to, inter alia, a prior conviction of criminal possession of a weapon in the second degree. “Cross-examination of a defendant concerning a prior crime is not prohibited solely because of the similarity between that crime and the crime charged” (People v Cosby, 82 AD3d 63, 68 [4th Dept 2011], lv denied 16 NY3d 857 [2011]).
 

 Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct on summation (see CPL 470.05 [2]; People v Simmons, 133 AD3d 1227, 1228 [4th Dept 2015]). In any event, that contention is without merit (see generally People v Halm, 81 NY2d 819, 821 [1993]). Defendant also failed to preserve for our review his contention that the court’s pre-summation instruction to the jury was misleading because it failed to differentiate between defendant’s role as a witness and his role as pro se counsel inasmuch as defendant failed to make a “ ‘timely objection or request to charge’ ” (People v Justice, 99 AD3d 1213, 1216 [4th Dept 2012], lv denied 20 NY3d 1012 [2013]). In any event, that contention is also without merit because the court’s instruction, read as a whole, did not convey to the jury that they should disregard defendant’s testimony in his capacity as a witness.
 

 Defendant also contends that the court should have adjourned the trial to wait for the arrival of defendant’s subpoenaed medical records and that he was thereby denied his right to present a defense. The record establishes that defendant did not request an adjournment on that ground and, indeed, he informed the court that he was willing to proceed with trial without the subpoenaed medical records. Thus, defendant waived his present contention (see generally People v Ahmed, 66 NY2d 307, 311 [1985], rearg denied 67 NY2d 647 [1986]).
 

 Finally, defendant’s sentence is not unduly harsh or severe.
 

 Present—Whalen, P.J., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.