People v Urrutia (2020 NY Slip Op 02016)





People v Urrutia


2020 NY Slip Op 02016


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1130 KA 17-01067

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMIE URRUTIA, DEFENDANT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 9, 2017. The judgment convicted defendant, upon a jury verdict, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law
§ 120.10 [1]). Defendant contends that Supreme Court erred in denying his motion for a mistrial after one of the prosecutors, in violation of the court's prior ruling, improperly cross-examined the codefendant's witness regarding defendant's participation in the crime. We reject that contention. "[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion" (People v Ortiz, 54 NY2d 288, 292 [1981]). Here, the court did not abuse its discretion in denying defendant's motion for a mistrial and instead providing the jury with a curative instruction directing them to disregard the improper testimony, which "the jury is presumed to have followed" (People v DeJesus, 110 AD3d 1480, 1482 [4th Dept 2013], lv denied 22 NY3d 1155 [2014]; see People v Johnson, 118 AD3d 1502, 1502-1503 [4th Dept 2014], lv denied 24 NY3d 1120 [2015]).
Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct based on the improper cross-examination of the codefendant's witness and allegedly improper comments made by the other prosecutor during summation. Defendant's contention is preserved for our review only in part inasmuch as he did not object to the alleged improprieties during summation (see People v Lewis, 154 AD3d 1329, 1330 [4th Dept 2017], lv denied 30 NY3d 1106 [2018]; People v Kerce, 140 AD3d 1659, 1660 [4th Dept 2016], lv denied 28 NY3d 1028 [2016]). In any event, defendant's contention is without merit inasmuch as "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (Kerce, 140 AD3d at 1660 [internal quotation marks omitted]).
Although we conclude that reversal is not warranted on the abovementioned grounds, we nevertheless take this opportunity to admonish the prosecutors and remind them that "prosecutors have special responsibilities . . . to safeguard the integrity of criminal proceedings and fairness in the criminal process' " (People v Huntsman, 96 AD3d 1387, 1388 [4th Dept 2012], lv denied 20 NY3d 1099 [2013], quoting People v Santorelli, 95 NY2d 412, 421 [2000]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "[T]he jury was in the best position to assess the credibility of the witnesses" (People v Carrasquillo, 170 AD3d 1592, 1593 [4th Dept 2019], lv denied 33 NY3d 1029 [2019] [internal quotation marks [*2]omitted]; see generally Bleakley, 69 NY2d at 495) and, contrary to defendant's contention, "minor inconsistencies in the testimony of the People's witnesses do not render the verdict against the weight of the evidence" (People v McAvoy, 70 AD3d 1467, 1468 [4th Dept 2010], lv denied 14 NY3d 890 [2010]).
Defendant contends that, in light of a statement made by the prosecutor during summation, the court erred in its jury instruction by failing to identify the specific type of dangerous instrument allegedly used by defendant during the assault. That contention is not preserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court