People v McGee (2021 NY Slip Op 02954)





People v Mcgee


2021 NY Slip Op 02954


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1018 KA 18-01173

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERON MCGEE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered March 23, 2018. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). The charge arose after the police executed a search warrant at defendant's apartment and seized, inter alia, approximately four grams of cocaine and a scale containing cocaine residue.
Defendant contends that County Court erred in failing to order, sua sponte, a second competency examination under CPL article 730. We reject that contention. Defendant was found fit to proceed with trial by two examiners, and "[t]he trial court was entitled to give weight to the findings and conclusions of competency derived from the most recent examination" (People v Morgan, 87 NY2d 878, 880 [1995]). Additionally, the record establishes that defendant had "sufficient present ability to consult with his . . . lawyer with a reasonable degree of rational understanding" and "ha[d] a rational as well as factual understanding of the proceedings against him" (People v Winebrenner, 96 AD3d 1615, 1616 [4th Dept 2012], lv denied 19 NY3d 1029 [2012] [internal quotation marks omitted]). Notably, defendant interacted with the court and made a cogent argument for leniency in which he highlighted his consistent treatment efforts and desire to provide for his children, and "evinced a particularized understanding of the nature of the proceedings and what was unfolding" (Morgan, 87 NY2d at 880). Thus, we conclude that the court did not abuse its discretion as a matter of law by failing, sua sponte, to order a second competency examination under article 730 (see People v Tortorici, 92 NY2d 757, 759 [1999], cert denied 528 US 834 [1999]).
Defendant further contends that the court erred in denying his motion for a mistrial when the prosecutor asked a defense witness on cross-examination, after the witness testified that he believed defendant could be a role model to kids in the neighborhood, whether it would "change [his] opinion that [defendant] would be a good role model for . . . children if [the witness] knew that [defendant] had a previous drug charge." "[T]he decision [whether] to grant or deny a motion for a mistrial is within the trial court's discretion" (People v Ortiz, 54 NY2d 288, 292 [1981]). Here, the court promptly sustained defendant's objection to the prosecutor's question prior to an answer being given by the witness, and thereafter, outside the presence of the jury, sought and obtained defense counsel's input in fashioning a remedy and curative instruction. In accordance with defense counsel's request, the court struck the prosecutor's question from the record and instructed the jury not to consider the question, and the jury is presumed to have followed that curative instruction (see People v DeJesus, 110 AD3d 1480, 1482 [4th Dept 2013], lv denied 22 NY3d 1155 [2014]; People v Hawkes, 39 AD3d 1209, 1210 [4th Dept 2007], lv [*2]denied 9 NY3d 845 [2007]). Thus, it cannot be said that the court abused its discretion in denying defendant's motion for a mistrial (see generally People v Ward, 107 AD3d 1605, 1606 [4th Dept 2013], lv denied 21 NY3d 1078 [4th Dept 2013]).
Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to the element of possession because his motion for a trial order of dismissal was not " 'specifically directed' at the alleged error" asserted on appeal (People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, " 'we necessarily review the evidence adduced as to each of the elements of the crime[] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court