People v Davis (2021 NY Slip Op 05419)





People v Davis


2021 NY Slip Op 05419


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


693 KA 13-01131

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TOMMY DAVIS, DEFENDANT-APPELLANT. 






BRUCE R. BRYAN, MANLIUS, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered July 18, 2012. The judgment convicted defendant upon a jury verdict of murder in the second degree, endangering the welfare of a child, criminal possession of a weapon in the second degree and attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]). Contrary to defendant's contention, his conviction on the murder and attempted murder counts is supported by legally sufficient evidence (see People v Rouse, 34 NY3d 269, 274-275 [2019]; People v Alligood, 192 AD3d 1508, 1508-1509 [4th Dept 2021], lv denied 37 NY3d 970 [2021]; cf. CPL 300.40). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's contentions, County Court properly refused to suppress identification testimony by the teenage eyewitnesses (see People v Marte, 12 NY3d 583, 586-589 [2009], cert denied 559 US 941 [2010]; see also People v Jackson, 90 AD3d 519, 519 [1st Dept 2011], lv denied 19 NY3d 997 [2012]; People v Elliot, 283 AD2d 183, 183-184 [1st Dept 2001], lv denied 96 NY2d 901 [2001]). Moreover, given the absence of any "substantial issues as to the constitutionality of the [subject identification procedures]," the court properly denied defendant's request to call those teenagers to testify at the suppression hearing (People v Chipp, 75 NY2d 327, 338 [1990], cert denied 498 US 833 [1990]). Indeed, defendant sought to call those teenagers at the suppression hearing only to demonstrate suggestiveness arising from the actions of private citizens, which is not a cognizable basis for suppressing identification testimony on due process grounds (see Marte, 12 NY3d at 586-589).
Contrary to defendant's further contentions, the court's Sandoval ruling was not an abuse of discretion (see People v Cotton, 184 AD3d 1145, 1146-1147 [4th Dept 2020], lv denied 35 NY3d 1112 [2020]), and the imposition of consecutive terms of imprisonment on the murder and attempted murder counts was not illegal (see People v McKnight, 16 NY3d 43, 47-50 [2010]; People v Smith, 171 AD3d 1102, 1105-1106 [2d Dept 2019], lv denied 33 NY3d 1073 [2019]). Defendant's remaining contentions do not warrant reversal or modification of the judgment.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court