People v Williams (2021 NY Slip Op 06514)





People v Williams


2021 NY Slip Op 06514


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


959 KA 19-00535

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LANCE WILLIAMS, DEFENDANT-APPELLANT. 






THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered May 31, 2018. The judgment convicted defendant upon a jury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]). We affirm.
Contrary to defendant's contention, County Court did not err in refusing to preclude a statement he made immediately following the underlying incident. Defendant made the statement in a loud voice as he was being escorted by correction officers out of the prison's gymnasium during an event attended by the family members of inmates, and it is unclear to whom he was communicating. The statement was not made in response to any questioning by the correction officers. Although it is undisputed that the People failed to provide defendant with a timely CPL 710.30 notice with respect to the challenged statement, no such notice was required here because defendant made the statement to, inter alia, "private parties who were not police agents" (People v Mirenda, 23 NY2d 439, 448 [1969]; see People v Albert, 171 AD3d 1519, 1520 [4th Dept 2019]; People v Bryant, 144 AD3d 1523, 1524 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]). Further, defendant's statement was not made subject to CPL 710.30 merely because the statement was "overheard by a [correction] officer" (People v Pittman, 160 AD3d 1130, 1130 [3d Dept 2018], lv denied 31 NY3d 1151 [2018]; see People v Umana, 76 AD3d 1111, 1112 [2d Dept 2010], lv denied 15 NY3d 924 [2010]).
Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct during summation. To the extent that defendant challenges the prosecutor's characterization of his trial testimony as "wild," the contention is not preserved for our review because defendant failed to object to that comment (see People v Kerce, 140 AD3d 1659, 1660 [4th Dept 2016], lv denied 28 NY3d 1028 [2016]), and we decline to exercise our power to review that part of the contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). With respect to defendant's challenge to the prosecutor's mischaracterization of a witness's testimony, the court "properly sustained defense counsel's objection to the prosecutor's statement and gave a curative instruction, which the jury is presumed to have followed," thereby alleviating any prejudice caused by the prosecutor's mischaracterization (People v Flowers, 151 AD3d 1843, 1844 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]). We conclude that the remainder of the comments challenged by defendant "were within the broad bounds of rhetorical comment permissible during summations . . . , and they were either a fair response to defense counsel's summation or fair comment on the evidence" (People v Ali, 89 AD3d 1412, 1414 [4th Dept 2011], lv denied 18 NY3d 881 [2012] [internal quotation marks omitted]; see People v Bailey, 181 AD3d 1172, 1175 [4th Dept 2020], lv denied 35 NY3d 1025 [*2][2020]). Even assuming, arguendo, that any of the prosecutor's comments exceeded those bounds, we conclude that they "were not so egregious as to deprive defendant of a fair trial" (Ali, 89 AD3d at 1414 [internal quotation marks omitted]; see People v Blackshell, 178 AD3d 1355, 1356 [4th Dept 2019], lv denied 35 NY3d 968 [2020]; Kerce, 140 AD3d at 1660).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court