People v Brooks (2023 NY Slip Op 01601)

People v Brooks

2023 NY Slip Op 01601

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, BANNISTER, AND OGDEN, JJ.

75 KA 18-00150

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PATRICK D. BROOKS, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered December 20, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1]), arising from an incident in which defendant's estranged wife and one of his daughters were stabbed to death. We affirm.
Contrary to defendant's contention, we conclude that County Court properly refused to suppress tangible evidence and statements he made to the police (see generally People v De Bour, 40 NY2d 210, 222-223 [1976]; People v Yukl, 25 NY2d 585, 589 [1969], rearg denied 26 NY2d 845 [1970], cert denied 400 US 851 [1970]; People v Clark, 139 AD3d 1368, 1368-1370 [4th Dept 2016], lv denied 28 NY3d 928 [2016]).
Defendant further contends that the court erred in denying his motion for a mistrial when a police officer testified, in violation of the court's pretrial ruling, that defendant had told him that he had recently been in prison. "[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion" (People v Ortiz, 54 NY2d 288, 292 [1981]). Here, we conclude that the court did not abuse its discretion in denying defendant's motion for a mistrial and instead sustaining defendant's objection to the improper testimony, striking it from the record, and "providing the jury with a curative instruction directing them to disregard the improper testimony, which 'the jury is presumed to have followed' " (People v Urrutia, 181 AD3d 1338, 1338-1339 [4th Dept 2020], lv denied 36 NY3d 1054 [2021]; see People v McKay, 197 AD3d 992, 992 [4th Dept 2021], lv denied 37 NY3d 1060 [2021]).
We also reject defendant's contention that the court abused its discretion in admitting, over his objection, allegedly inflammatory photographs of the two deceased victims, including crime scene and autopsy photographs. "The general rule is that photographs of the deceased are admissible [where, as here,] they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" (People v Pobliner, 32 NY2d 356, 369 [1973], rearg denied 33 NY2d 657 [1973], cert denied 416 US 905 [1974]; see People v Wood, 79 NY2d 958, 960 [1992]; People v Fedora, 186 AD2d 982, 983 [4th Dept 1992], lv denied 81 NY2d 762 [1992]). "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (Pobliner, 32 NY2d at 370), and that is not the case here. The photographs "were probative of the serious nature of the injuries sustained by the victim[s] and were thus admissible to establish that defendant intentionally killed the victim[s]" (People v Lynch, 60 AD3d 1479, 1481 [4th Dept 2009], lv denied 12 NY3d 926 [2009]; see People v [*2]Morris, 138 AD3d 1408, 1409 [4th Dept 2016], lv denied 27 NY3d 1136 [2016]) and to elucidate and corroborate the testimony of the Medical Examiner concerning the victims' injuries and causes of death (see People v Stevens, 76 NY2d 833, 836 [1990]; People v Spencer, 181 AD3d 1257, 1261 [4th Dept 2020], lv denied 35 NY3d 1029 [2020]; People v Hayes, 71 AD3d 1477, 1477-1478 [4th Dept 2010], lv denied 15 NY3d 751 [2010]). In addition, the photographs illustrating the chaotic, blood-spattered crime scene, when coupled with the evidence that defendant cut his hand, elucidated other relevant evidence that defendant's blood was found at the crime scene on the driver's license of one of the victims (see generally Pobliner, 32 NY2d at 369; People v Giles, 20 AD3d 863, 864 [4th Dept 2005], lv denied 5 NY3d 806 [2005]).
We have considered defendant's remaining contentions concerning the court's evidentiary rulings and we conclude that they lack merit.
Defendant concedes that his contention that he was denied a fair trial by prosecutorial misconduct on summation is not preserved for our review inasmuch as no objection was made to the allegedly improper remarks (see CPL 470.05 [2]; People v Sanford, 148 AD3d 1580, 1583 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Sanford, 148 AD3d at 1583).
We reject defendant's contentions that the conviction is not supported by legally sufficient evidence and that the verdict is contrary to the weight of the evidence. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Specifically, we conclude that defendant's commission of the crimes was " 'established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was . . . the perpetrator' " (People v Daniels, 125 AD3d 1432, 1433 [4th Dept 2015], lv denied 25 NY3d 1071 [2015], reconsideration denied 26 NY3d 928 [2015]; see generally People v Geroyianis, 96 AD3d 1641, 1642-1643 [4th Dept 2012], lv denied 19 NY3d 996 [2012], reconsideration denied 19 NY3d 1102 [2012]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Finally, the sentence is not unduly harsh or severe.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court