People v Colon (2023 NY Slip Op 03583)

People v Colon

2023 NY Slip Op 03583

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

203 KA 18-02213

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FREDRICK N. COLON, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered October 22, 2018. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count one of the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). During a traffic stop, defendant, a passenger in the vehicle, fled from the police, allegedly revealing a handgun in his waistband as he ran. Subsequently, a police officer discovered a handgun in the general area where defendant had been apprehended.
Defendant contends that the evidence is legally insufficient to support the conviction. We reject defendant's contention. One officer testified at trial that he observed a handgun in defendant's waistband as defendant fled. Although the image was blurry, the officer was also able to identify the handgun in a still frame taken from body camera footage. A handgun and defendant's identification card were discovered in the general area of police pursuit. Viewing the evidence in the light most favorable to the People (see People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]), we conclude that there is a valid line of reasoning and permissible inferences that could lead the jury to conclude that defendant possessed the handgun (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Curry, 120 AD3d 1576, 1576-1577 [4th Dept 2014], lv denied 25 NY3d 1162 [2015]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495; People v Habeeb, 177 AD3d 1271, 1272 [4th Dept 2019], lv denied 34 NY3d 1159 [2020]).
We further reject defendant's contention that Supreme Court erred in denying his motion to suppress statements and physical evidence allegedly obtained as the result of an unlawful police encounter. Giving due deference to the trial court's credibility determinations (see People v Layou, 134 AD3d 1510, 1511 [4th Dept 2015], lv denied 27 NY3d 1070 [2016], reconsideration denied 28 NY3d 932 [2016]), we conclude that the officers lawfully stopped the vehicle in which defendant was a passenger upon the observation of a traffic violation (see generally People v Ross, 185 AD3d 1537, 1537-1538 [4th Dept 2020], lv denied 35 NY3d 1115 [2020]), the officers lawfully requested that defendant exit the vehicle (see generally People v Binion, 100 AD3d 1514, 1515 [4th Dept 2012], lv denied 21 NY3d 911 [2013]), and the odor of marijuana, at the time of the encounter, provided the officers with probable cause to search the vehicle's occupants (see People v Black, 59 AD3d 1050, 1051 [4th Dept 2009], lv denied 12 NY3d 851 [2009]). We further conclude, based on testimony credited at the suppression hearing [*2]that the officers saw a handgun on defendant's person when he fled, that the police pursuit was justified (see People v Daniels, 147 AD3d 1392, 1393 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]).
We agree with defendant, however, that the court's Sandoval ruling, which, as relevant here, permitted the People to cross-examine defendant, should he elect to testify, regarding a prior conviction of attempted criminal possession of a weapon in the second degree and to elicit, inter alia, the name of that crime, constitutes reversible error. A court's Sandoval determination is reviewed for an abuse of discretion (see People v Davis, 198 AD3d 1355, 1356 [4th Dept 2021], lv denied 38 NY3d 926 [2022]), and will generally be affirmed on appeal where the record reflects that the court properly considered the parties' arguments and "weighed the probative value of [the] defendant's prior conviction against its potential for undue prejudice" (People v Micolo, 171 AD3d 1484, 1485 [4th Dept 2019], lv denied 35 NY3d 1096 [2020]; see People v Haynes, 97 NY2d 203, 208 [2002]; People v Lewis, 192 AD3d 1532, 1534 [4th Dept 2021], lv denied 37 NY3d 993 [2021]). The record before us, however, reflects that the court did not exercise independent discretion and instead erroneously concluded that it was "bound" by this Court's precedent to allow cross-examination as to the prior conviction.
Although defense counsel argued before the court that it would be unduly prejudicial to permit questioning regarding a prior conviction of attempted criminal possession of a weapon in the second degree where the offense charged was criminal possession of a weapon in the second degree, the record reflects that the court did not exercise its discretion in weighing the probative value of defendant's conviction against its potential for undue prejudice. Instead, the court cited this Court's decision in People v Stanley (155 AD3d 1684 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]) and advised defense counsel that she "may want to discuss [her arguments] with the Fourth Department," explaining that Stanley was "their ruling, not my ruling" and that it was "bound by [the Fourth Department's] rulings." Consistently, when making its final determination on the issue, the court stated that its ruling was based "upon the Stanley case." In light of the above, we conclude that the court's Sandoval ruling with respect to the conviction for attempted criminal possession of a weapon in the second degree was not the result of the court's independent discretion based on the circumstances of the case before it, but rather the result of what, in the court's estimation, was binding precedent that dictated a specific ruling.
Stanley, however, stands for the proposition that "[c]ross-examination of a defendant concerning a prior crime is not prohibited solely because of the similarity between that crime and the crime charged" (Stanley, 155 AD3d at 1685 [internal quotation marks omitted]). That means that a Sandoval application by the People should not be automatically denied merely because a prior conviction is similar in nature to the present offense, and certainly does not mean that a court must automatically grant the People's application. There was nothing in Stanley that "bound" the court in this case and, to the contrary, the court was required to make its own discretionary balancing of the probative value of defendant's prior conviction against its potential for undue prejudice (see Micolo, 171 AD3d at 1485). Although "an exercise of a trial court's Sandoval discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning . . . , particularly where . . . the basis of the court's decision may be inferred from the parties' arguments" (People v Wertman, 114 AD3d 1279, 1281 [4th Dept 2014], lv denied 23 NY3d 969 [2014] [internal quotation marks omitted]; see People v Flowers, 166 AD3d 1492, 1494 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]), the record must reflect that independent discretion was exercised (see generally People v Graham, 107 AD3d 1421, 1422 [4th Dept 2013], affd 25 NY3d 994 [2015]). Rather than independent discretion, however, the record here reflects that the court's reasoning was based on an erroneous belief that it was "bound" by Stanley.
We further conclude that the error is not harmless. "Under the standard applicable to nonconstitutional errors, an error is harmless if the proof of [the] defendant's guilt is overwhelming and there is no significant probability that the jury would have acquitted [the] defendant had the error not occurred" (People v Williams, 25 NY3d 185, 194 [2015]). Here, we note that one of the officers who pursued defendant testified that he did not see a weapon in defendant's waistband and that the officer who testified that he saw the weapon conceded that he never saw defendant holding the weapon because he and defendant were running and "[i]t happened so fast." Although that officer identified what he believed to be a handgun in defendant's waistband from a still image taken from body camera footage, that image, taken [*3]during the pursuit, is blurry and does not depict a readily identifiable object. Although defendant's identification card was located on the ground after the pursuit, it was located away from the handgun. Further, officers testified that the handgun was recovered in a high crime area and that an unidentified person could be seen in police body camera footage in the general area where the handgun was found. We conclude that it cannot be said that the proof of defendant's guilt is overwhelming (see People v Mountzouros, 206 AD3d 1706, 1708 [4th Dept 2022]; see generally People v Crimmins, 36 NY2d 230, 241 [1975]). We therefore reverse the judgment and grant a new trial on count one of the indictment.
In light of our determination, we do not address defendant's remaining contentions.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court