People v Colon (2023 NY Slip Op 04856)

People v Colon

2023 NY Slip Op 04856

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

623 KA 19-01367

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUAN COLON, DEFENDANT-APPELLANT. 

JESSICA KULPIT, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered April 16, 2019. The judgment convicted defendant upon a jury verdict of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, County Court did not err in denying defendant's request to charge the jury on manslaughter in the second degree (§ 125.15 [1]). Although manslaughter in the second degree is a lesser included offense of murder in the second degree (§ 125.25 [1]), i.e., the charge for which defendant was originally indicted (see CPL 1.20 [37]; People v Rivera, 23 NY3d 112, 120 [2014]; People v Alvaradoajcuc, 142 AD3d 1094, 1094 [2d Dept 2016], lv denied 28 NY3d 1122 [2016]; see generally People v Benson, 265 AD2d 814, 815 [4th Dept 1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]), there is no reasonable view of the evidence that would support the idea that defendant's conduct in firing seven rounds into a vehicle at close range was reckless and did not evidence an intent to kill or to cause serious physical injury (see generally People v Glover, 57 NY2d 61, 64 [1982]). Three of the bullets struck the victim, killing him almost instantly, while the other bullets struck the victim's vehicle in close proximity to where the victim was sitting.
Generally, where a defendant fires multiple shots at a victim from close range, there is no reasonable view of the evidence that the defendant's conduct was unintentional (see e.g. People v Bailey, 181 AD3d 1172, 1174 [4th Dept 2020], lv denied 35 NY3d 1025 [2020]; People v Ware, 303 AD2d 173, 174 [1st Dept 2003], lv denied 100 NY2d 543 [2003]). Here, however, defendant contends that, inasmuch as shots were fired from one moving vehicle into another moving vehicle, there is a reasonable view of the evidence that would support the determination that his acts were reckless. We reject that contention. The testimony and other evidence established that defendant saw the victim's vehicle traveling on a roadway, sped up and strategically positioned his vehicle next to the victim's moving vehicle, matched his vehicle's speed to the speed of the victim's vehicle, rolled down his passenger window and, from close range, fired up to seven times at the victim (see e.g. Bailey, 181 AD3d at 1174; People v Stanford, 87 AD3d 1367, 1368 [4th Dept 2011], lv denied 18 NY3d 886 [2012]; People v Seeler, 63 AD3d 1595, 1596 [4th Dept 2009], lv denied 13 NY3d 838 [2009]; cf. People v Quick, 187 AD3d 1612, 1612-1613 [4th Dept 2020], lv denied 36 NY3d 1053 [2021]). In our view, those actions evidence an intent to kill or seriously injure the victim and not, as defendant suggests, an intent to merely scare him.
We reject defendant's further contention that the court erred in denying his motion for a mistrial after a prosecution witness provided Molineux testimony that had not been the subject of any pretrial notices or hearings. "[T]he decision [whether] to grant or deny a motion for a [*2]mistrial is within the trial court's discretion" (People v Ortiz, 54 NY2d 288, 292 [1981]; see People v Brooks, 214 AD3d 1425, 1426 [4th Dept 2023], lv denied 39 NY3d 1153 [2023]; People v McGee, 194 AD3d 1454, 1455 [4th Dept 2021], lv denied 37 NY3d 973 [2021]). Here, we conclude that "the court did not abuse its discretion in denying defendant's motion for a mistrial and instead sustaining defendant's objection to the improper testimony, striking it from the record, and providing the jury with a curative instruction directing them to disregard the improper testimony, which the jury is presumed to have followed" (Brooks, 214 AD3d at 1426 [internal quotation marks omitted]; see McGee, 194 AD3d at 1455).
Finally, we conclude that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction of manslaughter in the first degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court