People v Vanwuyckhuyse (2024 NY Slip Op 00572)

People v Vanwuyckhuyse

2024 NY Slip Op 00572

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1033 KA 21-01499

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA VANWUYCKHUYSE, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (James A. Vazzana, A.J.), rendered July 16, 2021. The judgment convicted defendant, upon a jury verdict, of aggravated family offense (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences on all counts shall run concurrently with each other and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of four counts of aggravated family offense (Penal Law § 240.75), arising from violations of a no-contact order of protection in favor of a protected person.
Defendant contends that Supreme Court erred in denying his motion for a mistrial when the complainant testified, in violation of the court's pretrial ruling, that defendant had "strangled [her] in front of the children." "[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion" (People v Ortiz, 54 NY2d 288, 292 [1981]; see People v Brooks, 214 AD3d 1425, 1426 [4th Dept 2023], lv denied 39 NY3d 1153 [2023]). Here, we conclude that the court did not abuse its discretion in denying defendant's motion and instead sustaining defendant's objection to the improper testimony, striking it from the record, and "providing the jury with a curative instruction directing them to disregard the improper testimony, which the jury is presumed to have followed" (People v Urrutia, 181 AD3d 1338, 1338-1339 [4th Dept 2020], lv denied 36 NY3d 1054 [2021] [internal quotation marks omitted]; see Brooks, 214 AD3d at 1426; People v McKay, 197 AD3d 992, 992 [4th Dept 2021], lv denied 37 NY3d 1060 [2021]).
Defendant contends that the court's Sandoval ruling, which, as relevant here, permitted the People to cross-examine defendant, should he elect to testify, regarding a prior conviction of a class E felony, as well as two convictions for criminal contempt in 2017, including the underlying facts of those two convictions, constitutes reversible error. We reject that contention. A court's Sandoval determination is reviewed for an abuse of discretion (see People v Colon, 217 AD3d 1494, 1496 [4th Dept 2023]; People v Thomas, 213 AD3d 1359, 1360 [4th Dept 2023], lv denied 39 NY3d 1143 [2023]), and will generally be affirmed on appeal where the record reflects that the court properly considered the parties' arguments and "weighed the probative value of [the] defendant's prior conviction against its potential for unfair prejudice" (People v Micolo, 171 AD3d 1484, 1485 [4th Dept 2019], lv denied 35 NY3d 1096 [2020]; see People v Hayes, 97 NY2d 203, 208 [2002]). "Cross-examination of a defendant concerning a prior crime is not prohibited solely because of the similarity between that crime and the crime charged" (People v Stanley, 155 AD3d 1684, 1685 [4th Dept 2017], lv denied 30 NY3d 1120 [2018] [internal quotation marks omitted]).
Initially, we conclude that the court's Sandoval compromise permitting the People to elicit that defendant had been convicted of a class E felony was proper. Contrary to defendant's contention, the court's Sandoval determination with respect to that conviction did not violate the rule that "a defendant with a conviction pending appeal may not be cross-examined in another matter about the underlying facts of that conviction until direct appeal has been exhausted" (People v Cantave, 21 NY3d 374, 377 [2013], motion to clarify op denied 21 NY3d 1070 [2013]), inasmuch as the court limited the People to inquiring whether defendant had been convicted of a class E felony, and did not permit the People to question defendant regarding the facts underlying that conviction.
With respect to the court's Sandoval determination concerning defendant's prior criminal contempt convictions, we conclude that the court did not abuse its discretion, inasmuch as the court properly balanced their prejudicial effect against their probative value (cf. People v Grant, 23 AD3d 172, 173 [1st Dept 2005], affd 7 NY3d 421 [2006]). We note that "the past violation of an order of protection
. . . bears heavily on the issue of veracity, since a person who willfully violates a judicial mandate after agreeing to comply with the court's order may logically be presumed to be similarly willing to violate his obligation to tell the truth despite his having made a promise to the court to testify honestly" (Grant, 7 NY3d at 424 n 2).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
To the extent that defendant contends that he was penalized for exercising his right to a trial, that contention is not preserved for our review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Herman, 217 AD3d 1469, 1472 [4th Dept 2023], lv denied 40 NY3d 997 [2023]).
We agree with defendant, however, that the sentence is unduly harsh and severe under the circumstances of this case. We conclude that a reduction of the aggregate sentence of incarceration is appropriate, and we therefore modify the judgment as a matter of discretion in the interest of justice by directing that all of the sentences shall run concurrently with each other (see CPL 470.15 [6] [b]).
We have considered defendant's remaining contention and conclude that it lacks merit.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court