People v Wright (2026 NY Slip Op 00706)

People v Wright

2026 NY Slip Op 00706

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

825 KA 19-01303

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vJIMMIE WRIGHT, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered May 13, 2019. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]). We affirm.
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that Supreme Court erred in refusing to instruct the jury on the lesser included offense of manslaughter in the second degree. A court "may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater [offense]" (CPL 300.50 [1]). It is undisputed that manslaughter in the second degree (Penal Law § 125.15 [1]) is a lesser included offense of murder in the second degree (§ 125.25 [1]), the charge for which defendant was originally indicted (see People v Colon, 219 AD3d 1675, 1675 [4th Dept 2023], lv denied 40 NY3d 1080 [2023]; see generally CPL 1.20 [37]) and, thus, " 'the question simply is whether on any reasonable view of the evidence it is possible for the trier of the facts to acquit the defendant on the higher count and still find him guilty on the lesser one' " (People v Hull, 27 NY3d 1056, 1058 [2016]; see People v Ott, 200 AD3d 1642, 1643 [4th Dept 2021], lv denied 38 NY3d 953 [2022], cert denied — US &mdash, 143 S Ct 403 [2022]). Here, the incident occurred during an altercation between numerous individuals, and given that the victim was some distance away from the other ongoing fighting when defendant ran up to the victim from behind and hit him in the head with a baseball bat with such force to fracture his skull into multiple pieces, we conclude that there is no reasonable view of the evidence that would support a finding that defendant acted recklessly rather than intentionally (see generally People v Green, 56 NY2d 427, 434-435 [1982], rearg denied 57 NY2d 775 [1982]).
We reject defendant's contention that defense counsel was ineffective by failing in the pretrial omnibus motion to seek suppression of the identification testimony as unreliable inasmuch as that argument would have had little or no chance of success (see People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; People v Rivera, 71 NY2d 705, 709 [1988]). There is no merit to defendant's remaining allegations of ineffective assistance of counsel (see generally People v Caban, 5 NY3d 143, 152 [2005]).
All concur except Ogden, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent because, in my view, Supreme Court erred in declining to charge manslaughter in the second degree as a lesser included offense. I would therefore reverse the judgment and dismiss the indictment without prejudice to the People to re-present any appropriate charges to another grand jury (see People v Collier, 303 AD2d 1008, 1009 [4th Dept 2003], lv denied 100 NY2d 579 [2003]).
A court "may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]).
Here, manslaughter in the second degree (Penal Law § 125.15 [1]) is a lesser included offense of murder in the second degree, the charge for which defendant was originally indicted (§ 125.25 [1]; see People v Rivera, 23 NY3d 112, 120 [2014]; People v Colon, 219 AD3d 1675, 1675 [4th Dept 2023], lv denied 40 NY3d 1080 [2023]; see generally CPL 1.20 [37]). The question therefore is whether there is a reasonable view of the evidence, examined in the light most favorable to defendant, to support a finding that he committed reckless manslaughter and not intentional murder (see Rivera, 23 NY3d at 120-121). Viewing the evidence in the light most favorable to defendant, as we must (see id.), I conclude that there is a reasonable view of the evidence supporting the conclusion that defendant acted recklessly, i.e., he was aware of and consciously disregarded a substantial and unjustifiable risk but did not intend to cause the death of another person (see Penal Law §§ 15.05 [3]; 125.15 [1]; 125.25 [1]; see generally People v Holloway, 130 AD2d 933, 933 [4th Dept 1987], lv denied 70 NY2d 751 [1987]), and defendant was thus entitled to that charge. This is particularly true inasmuch as the jury acquitted defendant of murder in the second degree and instead convicted him of the lesser included offense of manslaughter in the first degree (§ 125.20 [1]; see generally People v McIntosh, 162 AD3d 1612, 1615-1616 [4th Dept 2018], affd 33 NY3d 1064 [2019]). I therefore conclude that the court erred in refusing to charge the jury with the requested lesser included charge of manslaughter in the second degree (see People v Diaz, 66 AD2d 752, 752 [1st Dept 1978]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court